[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Noel Davila, petitioner, was convicted by a jury of the following: 5 counts of Risk of Injury to a Minor (a violation of 53-21 which statute provides for a maximum 10-year period of incarceration for each count); Reckless Endangerment in the First Degree (a violation of § 53a-63, which statute provides for a 1-year maximum period of incarceration); Criminal Possession of a Firearm (a violation of § 53a-217c, which statute provides for a 5-year maximum period of incarceration, 2 years of which are a mandatory minimum); Carrying a Pistol Without a Permit (a violation of § 29-35 (a), which statute provides for a maximum sentence of 5 years, 1 year of which is mandatory minimum). The trial court sentenced the petitioner to 2 years consecutive for each of the 5 counts of Risk of Injury; 1 year concurrent on the Reckless Endangerment conviction; 2 years consecutive on the Criminal Possession of a firearm conviction; 3 years consecutive on the Carrying a Pistol Without a Permit conviction. Accordingly, the court imposed a net effective sentence of 15 years with 8 years special parole consecutive to any sentence petitioner was serving at the time of this sentence.
At the hearing before the Division counsel for the petitioner opined that the prior consecutive sentences for a violation of probation and possession of narcotics, a total of 10 years to serve, wherein the petitioner received close to the maximum sentence on each was excessive. Counsel opined that in the event the defendant had been convicted in the first trial[1] the sentencing court would not have been likely to "stack sentences." Counsel represented that in the instant matter there was no evidence that the petitioner fired a gun, and the situation was no more than a struggle over a gun in which no one was injured. Counsel claimed the 15-year consecutive sentence is excessive.
The counsel for the State countered that the petitioner's conduct at the time in question was "unusual" and that there was "significant drama CT Page 2865 attached" wherein the petitioner entered a home looking for its occupants and shots were fired — 5 children were in the residence along with two adults.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-194 et seq.
Taking into consideration that the petitioner had prior revocations of probation combined with the extremely violent nature of the instant offense, with a firearm, the sentence imposed is neither inappropriate nor disproportionate.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence is AFFIRMED.
 Miano, J. Holden, J. Ianotti, J.
Miano, J., Holden, J., and Ianotti, J. participated in this decision.